UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LISA LONG, )  | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-36-RLY-WGH |
| vs. ) | |
| ) | |
| JASPER CHAIR COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lisa Long, sued Defendant, Jasper Chair Company ("Jasper Chair"), alleging that Jasper Chair had violated the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). Long now moves for leave to file an amended complaint (Docket No. 13). For the reasons set forth below, the motion is **GRANTED**.

**I.    Factual Background and Procedural History**

Long had been working for Jasper Chair since 2006. (Plaintiff's Complaint at ¶ 6). Long claims that she had a disability, Jasper Chair failed to engage in the interactive process with her and failed to give her a reasonable accommodation, and that she was assigned to more demanding jobs after requesting accommodation. (Plaintiff's Complaint ¶¶ 12-13). She also claims Jasper Chair did not advise her of her rights under FMLA or give her the proper paperwork so she could request leave. (Plaintiff's Complaint ¶¶ 14, 16-18). Long filed charges of discrimination and retaliation with the

Equal Employment Opportunity Commission (EEOC) and received authorization to file suit, which she did on March 23, 2012. (Plaintiff's Complaint ¶¶ 22-23). Long claims she was terminated with pretext on May 29, 2012, the same day Jasper Chair answered the complaint. (Plaintiff's Motion for Leave to File Amended Complaint at ¶¶ 2-3). On August 25, 2012, Long moved to file an amended complaint that included facts relating to the time between her filing suit and being terminated. (Plaintiff's Motion at ¶ 4; *see also* Plaintiff's Proposed Amended Complaint ¶¶ 24-28). Additional facts will be supplied as necessary in the discussion section.

## II.     Legal Standards

Under Federal Rule of Civil Procedure 15, if more than 21 days have passed since the initial filing of the complaint, a party may amend the complaint only with the opposing party or parties' written consent or by leave of the court. FED. R. CIV. P. 15(a)(2). Courts are to grant this leave freely "when justice so requires." *Id*. Exceptions to this liberal amendment policy are when the amendment: (1) has been unduly delayed, (2) is made in bad faith, (3) is made for a dilatory motive, (4) would cause undue prejudice to the opposing party, or (5) when the amendment would be futile (not able to survive summary judgment). *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

## III.    Discussion

Jasper Chair raises two arguments as to why the leave to file an amended complaint should be denied.

### A. Failure to exhaust administrative remedies

Jasper Chair claims that Long has failed to exhaust her administrative remedies with the EEOC as it pertained to her termination by Jasper Chair. A potential plaintiff alleging violation of Title VII of the Civil Rights Act of 1964 (Title VII) must first pursue redress within the EEOC. Only after receiving a notice of rights (also called a charge) from the EEOC may a claimant file suit. *See Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Exhaustion can be waived when the new charge is reasonably related to the initial claim and would grow out of the initial allegations. *Id*. at 501 (internal quotation omitted). Jasper Chair claims that letting Long file suit on her termination, even couching it in the existing claims of discrimination and retaliation (Defendant's Response at 2 (citing Plaintiff's Proposed Amended Complaint at ¶ 28)), without filing an administrative claim first undermines EEOC's investigatory and conciliatory role. (Defendant's Response at 3 (quoting *Cheek*, 31 F.3d at 500)). Moreover, the termination claim, even if it was reasonably related to the initial charges, could not have reasonably been expected to grow out of the EEOC's investigation of ADA discrimination and retaliation, since Long had already received her notice of rights to sue and the EEOC's investigation had closed. (*Id*., citing *Isaacs v. Colgate-Palmolive Co.*, U.S. Dist. LEXIS 96053, at *31-32 (S.D. Ind. March 31, 2006)).

However, Seventh Circuit and other appellate courts have allowed factual allegations of termination or other retaliation to be included in complaints without exhausting administrative remedies when the alleged retaliation "arose after the charge of discrimination had been filed or the employer was given clear notice from the EEOC that

3

retaliation was at issue." *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1988) (citations omitted). *See also Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989) ("a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge.") In this case, Long filed suit two months before Jasper Chair allegedly terminated her "on the pretext that she falsified her daily work card." (Plaintiff's Reply at 2; Plaintiff's Proposed Amended Complaint at ¶ 28). Long implies that the termination was retaliation for the EEOC charge. (Plaintiff's Reply at 3). Requiring Long to file an additional retaliation complaint that has the exact same factual basis as the complaint for which the EEOC has already given authorization to sue would result in unnecessary delay and violate the intent of Title VII. *Steffen*, 859 F.2d at 545 n.2 (internal quotation omitted). This court therefore finds that Long has not failed to exhaust administrative remedies with respect to her allegation of termination as retaliation.

### B. Timeliness of Plaintiff's Motion

Jasper Chair also argues that Long's motion for leave to amend her complaint should be denied as untimely because the Case Management Plan (CMP) deadline for amending the pleadings was August 23, 2012, and Long did not file her motion until August 25. (Defendant's Response at 4-5). Jasper Chair claims the filing can only be permitted if Long establishes excusable neglect (pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)) and good cause by showing due diligence to comply with the CMP deadlines. *Id*. (citing FED. R. CIV. P. 16(b)(4); *Armitage v. Apex Control Sys.*, 2010 WL

4318846, at *1 (S.D. Ind. Oct. 26, 2010)). Because Jasper Chair claims Long has shown neither, Jasper Chair asks the court to deny leave to amend.

The court disagrees. This district has a strong preference to adjudicate cases on the merits whenever possible. (Plaintiff's Reply at 6). Long correctly points out that *Adams v. City of Indianapolis* is inapposite. (*Id*. at 4). In that case the Plaintiff asked for leave to file a second amended complaint seven months after the CMP deadline (2011 WL 1752105, at *1 (S.D. Ind. May 6, 2011)); Long's motion was filed only two days after the deadline for amendments had passed. An inference from the *Adams* holding that demonstrating excusable neglect pursuant to Rule 6(b)(1)(B) is required for any motion for leave after the CMP deadline has passed (Defendant's Response at 4) is unwarranted. Given the significance of the termination to her discrimination and retaliation claims, this court does not want to exclude such highly relevant factual allegations simply because Long was two days tardy in requesting leave. Moreover, Long filed the relevant facts with the court in the CMP tendered June 21, 2012, less than one month after her termination. (Docket No. 10 at 2). Long's motion for leave to amend was filed slightly more than two months after the CMP was tendered. This court does not find that less than three months elapsing from the termination to requesting leave is an undue delay or constitutes a lack of due diligence.

Also, Jasper Chair did not answer Long's complaint until her date of termination, May 29, 2012, which was more than 60 days after the complaint was filed. Jasper Chair did not request an extension of time or receive leave from the court to file its answer after the 60 day deadline. FED. R. CIV. P. 12(a)(1)(A)(ii). Nonetheless, this court did not bar

5

Jasper Chair from answering Long's complaint and raising affirmative defenses, and this court sees no reason not to give Long the same opportunity to include the facts leading up to and including her termination. This court therefore finds that Long has demonstrated good cause for filing an amended complaint after the CMP deadline. FED. R. CIV. P. 16(b)(4).

Jasper Chair does not accuse Long of filing the amended complaint in bad faith or with a dilatory motive. Long's amendments are new facts in the context of the existing complaint, rather than new causes of action. (Plaintiff's Reply at 4). Therefore, Jasper Chair will not be prejudiced by the new factual allegations. Finally, since these are facts being alleged and not a new claim, the question of whether the allegations would survive summary judgment is not relevant. *Bethany Pharmacal*, 241 F.3d at 861. Therefore, none of the exceptions to this court's liberal granting of leave to amend (*id.*) is present, and Long is therefore permitted to file her amended complaint.

## IV.  Conclusion

For the foregoing reasons, Long's motion for leave to file an amended complaint (Docket No. 13) is **GRANTED**. Long's Proposed Amended Complaint and Demand for Jury Trial (Docket No. 13, Attachment 1) is accepted by the court as Plaintiff's First Amended Complaint and Demand for Jury Trial. Jasper Chair must file a responsive pleading pursuant to Federal Rule of Civil Procedure 12(a).

**SO ORDERED** the 16th day of October, 2012.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel via email.